1   KAREN P. HEWITT
    United States Attorney
2   REES F. MORGAN
    Assistant United States Attorney
3   California State Bar No. 229899
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-7847
    Facsimile:  (619) 235-2757
6   Email: rees.morgan@usdoj.gov

7   Attorneys for Plaintiff
    United States of America
8

9                           UNITED STATES DISTRICT COURT

10                         SOUTHERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,          )    Criminal Case No. 08-CR-1682-JAH
                                       )
13              Plaintiff,             )    Date:      September 2, 2008
                                       )    Time:      10:30 a.m.
14         v.                          )
                                       )    Honorable John A. Houston
15                                     )
    GUILLERMO SALCIDO-CONTRERAS,       )    **UNITED STATES' RESPONSE AND**
16                                     )    **OPPOSITION TO DEFENDANT'S**
                Defendant.             )    **REQUEST FOR AN ADDITIONAL**
17                                     )    **DOWNWARD DEPARTURE**
                                       )
18  _____

19         The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P.

20  HEWITT, United States Attorney, and Rees F. Morgan, Assistant United States Attorney, hereby files

21  its Response and Opposition to Defendant's Request For Downward Departure ("Deft's Memo."), filed

22  by Guillermo Salcido-Contreras ("Defendant") on August 26, 2008.  This Response and Opposition is

23  based on the files of this case and the Presentence Report ("PSR") for Defendant.

24         On June 6, 2008, Defendant pled guilty to importing approximately 22.94 kilograms of

25  marijuana into the United States from Mexico.  Pursuant to the terms of the Plea Agreement, the United

26  States is recommending significant downward adjustments and departures, including a two-level

27  reduction for safety-valve [USSG §§ 2D1.1(b)(9) and 5C1.2], a two-level reduction for minor role

28  [USSG § 3E1.2(b)], a two-level adjustment for acceptance of responsibility [USSG § 3E1.1(b)], and a

                                                                              08-CR-1682-JAH

two-level downward departure for fast-track early disposition [USSG § 5K3.1]. In sum, the United States is recommending an adjusted base offense level of 10, which is a total of eight levels lower than this offense would otherwise warrant. Despite these significant downward adjustments and departures, Defendant now requests an additional downward departure of two levels for aberrant behavior. Defendant's request is ill-founded and the negotiated low-end sentence of 6 months is both necessary and appropriate in this case.

## I.

## STATEMENT OF FACTS

Defendant's version of the facts in this matter has been difficult to pin down. The government knows for certain that, on April 23, 2008, Defendant attempted to smuggle approximately 22.94 kilograms of marijuana into the United States from Mexico through the Calexico, California, Port of Entry. [PSR 1.] Defendant was the driver of a Honda Civic. [Id.] A narcotics detection dog alerted to the vehicle, and a search of the car revealed approximately 23 packages of marijuana concealed within the vehicle. [Id.] After acknowledging and waiving his Miranda rights, Defendant admitted he knew the vehicle contained marijuana and that he was to be paid some amount of money - Defendant has provided varying sums - for driving the narcotics-laden truck to a parking lot in Calexico, CA. [Id. at 2.]

## II.

## ARGUMENT

### A.    A Downward Departure Based On Aberrant Behavior Is Not Warranted.

Defendant moves the Court for a downward departure based on aberrant behavior under USSG § 5K2.20. Defendant has the burden to show that he is entitled to a downward departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir. 1992). The Court may depart downward for aberrant behavior under USSG § 5K2.20 only if the Court determines that (1) this is an extraordinary or exceptional case, and (2) the defendant's behavior was "aberrant" under the three-factor test in USSG § 5K2.20(b). See United States v. Guerrero, 333 F.3d 1078, 1081-82 (9th Cir. 2003). The three-factor test in USSG § 5K2.20(b) provides that a defendant's criminal conduct may be considered aberrant behavior "only if the defendant committed a single criminal occurrence or single criminal transaction

that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." Defendant should not be granted an aberrant behavior departure because: (1) this case is not extraordinary or exceptional and (2) Defendant's criminal conduct was not of limited duration. Furthermore, Defendant has provided inconsistent descriptions of his role in the instant offense, which raises suspicions regarding whether Defendant's behavior was a marked deviation from an otherwise law-abiding life.

### 1. *This is Not an "Extraordinary" or "Exceptional" Case*.

As a threshold matter, Defendant failed to allege how this case is "extraordinary" or "exceptional." A departure for aberrant behavior should be granted only in exceptional circumstances. See United States v. Benally. 215 F.3d 1068, 1074 (10th Cir. 2000), cert. denied, 534 U.S. 1034 (2001) (the record "must illustrate some unique circumstance – some element of abnormal or exceptional behavior – besides the fact the defendant has never before committed the crime"). While the Guidelines do not define what constitutes an "extraordinary" or "exceptional" case, the Guidelines do provide certain non-exhaustive factors that the Court may consider in making this determination. See USSG § 5K2.20, comment. n. 2. These factors include the Defendant's: (a) mental and emotional condition; (b) employment record; (c) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the effects of the offense. USSG § 5K2.20, comment n. 2.

The Ninth Circuit places "considerable emphasis on a defendant's motivations and any surrounding extenuating circumstances" in deciding whether a defendant's crime truly constitutes aberrant behavior. United States v. Green, 105 F.3d 1321, 1323 (9th Cir. 1997); see also United States v. Takai, 941 F.2d 738 (9th Cir. 1991) (aberrant behavior departure granted for defendant attempted to bribe an INS official to obtain green cards to help his friends and family members, not for financial gain); United States v. Lam, 20 F.3d 999 (9th Cir. 1994) (aberrant behavior departure granted because the defendant did not know owning a sawed-off shotgun was a crime, bought the gun solely to protect his sister in a crime ridden area, and only previous conviction was minor and totally unrelated).

There is nothing exceptional about this case. It is an ordinary marijuana smuggling case involving a defendant who attempted to earn easy money by smuggling drugs – Defendant admitted he was to be paid a considerable sum for smuggling the marijuana from Mexico into the United States.

[PSR at 1-2.]  There are no factors that demonstrate that this is an "exceptional" or "extraordinary" case that warrants a downward departure based on aberrant behavior.  Defendant does not suffer from any extraordinary mental and emotional condition. [Id. at 7.]  While Defendant now contends that he committed the instant offense "due to financial need after he was laid off from work" [PSR at 2], Defendant told ICE agents that he was working when he arranged this smuggling operation. [ROI at 4.] Accordingly, Defendant was gainfully employed at the time of the offense, giving him other, legal options for earning money.  The United States is not aware of any exemplary "prior good works" performed by Defendant, nor does the government know of any effort on the part of the Defendant to mitigate the effects of his crime.  In short, Defendant attempted to take an illegal shortcut to earn an easy buck.  Defendant was motivated simply by greed, which makes this case neither "extraordinary" nor "exceptional."[1/]

## 2. *Defendant's Criminal Conduct Was Not of Limited Duration*.

Conduct lasting five or ten minutes is clearly "of limited duration." United States v. Smith, 387 F.3d 826, 834 (9th Cir. 2004) (also indicating that conduct spanning as much as a week may qualify as "limited duration").  However, offense conduct lasting one month or more has been found not to be "of limited duration." Id. at 834 (citing with approval United States v. May, 359 F.3d 683 (4th Cir. 2004)). In this case, Defendant's involvement in smuggling drugs began when he gave his personal car to smugglers so they could conceal the narcotics for his planned run across the border. [PSR at 2].  The smugglers returned Defendants' vehicle to him ***three weeks later***. [Id.]  Given this, Defendant's crime was not spontaneous.  Defendant did not surrender to temptation in a moment of weakness.  Instead, Defendant had three weeks to reflect upon his decision to engage in the criminal activity, and still he decided to smuggle the drugs.  Noting this evidence, the probation officer in this case specifically declined to grant a downward departure for aberrancy. [PSR at 9].  Defendant's involvement in this

---

[1/]  Defendant points to his lack of prior criminal convictions in support of his motion for a downward departure.  But any aberrant behavior departure may not be based solely on the absence of prior criminal convictions.  United States v. Pierson, 121 F.3d 560, 564 (9th Cir. 1997)("the absence of criminal history is not synonymous with aberrant behavior"); United States v. Morales, 961 F.2d 1428, 1431 (9th Cir. 1992) ("aberrant behavior and first offense are not synonymous").  Furthermore, Defendant's lack of criminal history points is already taken into account in the Sentencing Guidelines because Defendant's sentence was computed at Criminal History Category I.  See United States v. Green, 105 F.3d 1321, 1323 (9th Cir. 1997).

08-CR-1682-JAH

crime was *not* of limited duration, and therefore a downward departure for aberrancy is not warranted.

**B.    The Guidelines Sentence Satisfies The Goals Of 18 U.S.C. § 3553(a).**

It is well-established that the Sentencing Guidelines are advisory rather than mandatory. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005). Nonetheless, the Supreme Court has held that "[t]he district courts, while not bound to apply the guidelines, must consult those Guidelines and take them into account when sentencing" in accordance with the factors set forth in 18 U.S.C. § 3553. <u>Id.</u> at 264.

In this case, the United States believes that the sentence reached in accordance with the Guidelines and the negotiated Plea Agreement will be reasonable and will adequately consider the factors listed in 18 U.S.C. § 3553(a). In fact, the agreed-upon sentence is extremely generous, particularly in light of the inconsistencies in Defendant's story that have emerged since the interview with his parole officer. The United States granted Defendant numerous reductions to address Defendant's specific characteristics, including a two point adjustment for minor role in the smuggling offense. However, Defendant's parole officer declined to grant such a minor role reduction, citing the fact that Defendant changed his story significantly from his interview with the ICE agents who arrested him to his interview with the parole officer. [PSR at 7]. Given these inconsistencies, the parole officer concluded that Defendant's role in this crime may not have been minor at all. [<u>Id.</u>].

The government stands by the sentence in the Plea Agreement, despite these contradictions. That sentence is twenty-one months less than the low-end sentence that Defendant would have received under a straight Sentencing Guidelines' analysis. Given the new inconsistencies in Defendant's story, that Defendant pled guilty to a drug trafficking offense and that his stated reasons for turning to criminal activity are not particularly compelling, Defendant should be more than satisfied with this agreed-upon sentence. The Court should deny his request for an additional downward departure based upon aberrancy.

**III.**

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court sentence the

Defendant in accordance with the Plea Agreement and the United States' Sentencing Summary Chart

in this case and deny Defendant's request for a departure based on aberrant behavior.

DATED:    August 29, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Rees F. Morgan

REES FERRITER MORGAN
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )     Case No. 08-CR-1682-JAH
                                    )
            Plaintiff,              )
                                    )
      v.                            )
                                    )     **CERTIFICATE OF SERVICE**
GUILLERMO SALCIDO-CONTRERAS,        )
                                    )
            Defendant.              )
_____    )

IT IS HEREBY CERTIFIED THAT:

      I, Rees F. Morgan, am a citizen of the United States and am at least eighteen years of age.  My

business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

      I am not a party to the above-entitled action.  I have caused service of the **UNITED STATES'**

**RESPONSE AND OPPOSITION TO DEFENDANT'S REQUEST FOR AN ADDITIONAL**

**DOWNWARD DEPARTURE**, dated August 29, 2008, and this Certificate of Service, dated August

29, 2008, on the following parties by facsimile and electronically filing the foregoing with the Clerk of

the District Court using its ECF System, which electronically notifies them:

      1.   **George W. Hunt**
           *Lead Attorney for Defendant*

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on August 29, 2008.


           /s/ Rees F. Morgan
           REES FERRITER MORGAN
           Assistant United States Attorney